UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CARL DUNCAN,<br><br>    Plaintiff,<br><br>vs.<br><br>RAMON OLIVAS, *et al.*,<br><br>    Defendants. | 3:17-cv-00460-MMD-WGC<br><br>**ORDER**<br><br>Re: ECF No. 39 |

Before the court is Plaintiff's Request for an Appointment of Counsel (ECF No. 39). Plaintiff bases his motion on (1) the fact that he has "little to no legal knowledge and forced to succum (sic) to the assistance of untrained inmates in hopes of prosecuting his claims," (2) that Plaintiff is in "24 hour lock down a day (except for a few hours of yard on Mondays and Thursdays placed in a cage alone)," and (3) Plaintiff's "inability to directly and physically access the prison law library to communicate his legal concerns and forced to function on a paging system." (*Id.* at 3, 4.)

A litigant in a civil rights action does not have a Sixth Amendment right to appointed counsel. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). The United States Supreme Court has generally stated that although Congress provided relief for violation of one's civil rights under 42 U.S.C. § 1983, the right to access to the courts is only a right to bring complaints to federal court and not a right to discover such claims or even to litigate them effectively once filed with a court. *Lewis v. Casey*, 518 U.S. 343, 354-355 (1996).

In very limited circumstances, federal courts are empowered to request an attorney to represent an indigent civil litigant. The circumstances in which a court will grant such a request, however, are

exceedingly rare, and the court will grant the request under only extraordinary circumstances. *United States v. 30.64 Acres of Land*, 795 F.2d 796, 799-800 (9th Cir. 1986); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

A finding of such exceptional or extraordinary circumstances requires that the court evaluate both the likelihood of Plaintiff's success on the merits and the *pro se* litigant's ability to articulate his claims in light of the complexity of the legal issues involved. Neither factor is controlling; both must be viewed together in making the finding. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991), *citing Wilborn, supra,* 789 F.2d at 1331. Plaintiff has shown an ability to articulate his claims. (ECF Nos. 1, 32, 37 40, 41.)

In the matter of a case's complexity, the Ninth Circuit in *Wilborn* noted that:

> If all that was required to establish successfully the complexity of the relevant issues was a demonstration of the need for development of further facts, practically all cases would involve complex legal issues. Thus, although Wilborn may have found it difficult to articulate his claims *pro se*, he has neither demonstrated a likelihood of success on the merits nor shown that the complexity of the issues involved was sufficient to require designation of counsel.

The Ninth Circuit therefore affirmed the District Court's exercise of discretion in denying the request for appointment of counsel because the Plaintiff failed to establish the case was complex as to facts or law. 789 F.2d at 1331.

The substantive claims involved in this action are not unduly complex. Plaintiff's Complaint was allowed to proceed on the portions of Count I alleging violations of the Eighth Amendment for failure to protect and deliberate indifference to his serious medical needs against Defendants Olivas, Chan, Owens, Fonoimoana and Mosely, on Count II alleging violation of due process against Defendants Bellinger, Carpenter and Bennett, and on the portion of Count III alleging retaliation in violation of the First Amendment against Defendants Bennett and Olivas. (ECF No. 3 at 14.) These claims are not so complex that counsel needs to be appointed to prosecute them.

Similarly, with respect to the *Terrell* factors, Plaintiff has again failed to convince the court of the likelihood of success on the merits of his claims.

While any *pro se* inmate such as Mr. Duncan would likely benefit from services of counsel, that is not the standard this court must employ in determining whether counsel should be appointed.

*Wood v. Housewright*, 900 F.2d 1332, 1335-1336 (9th Cir. 1990).

The court does not have the power "to make coercive appointments of counsel." *Mallard v. U. S. Dist. Ct.*, 490 US 296, 310 (1989). Thus, the court can appoint counsel only under exceptional circumstances. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) [cert den 130 S.Ct. 1282 (2010)]. Plaintiff has not shown that the exceptional circumstances necessary for appointment of counsel are present in this case.

In the exercise of the court's discretion, it **DENIES** Plaintiff's Request for an Appointment of Counsel (ECF No. 39).

**IT IS SO ORDERED.**

DATED: July 2, 2019.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE