# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

CARL E. DUNCAN,

    Plaintiff,

v.

RAMON OLIVAS, *et al.*,

    Defendants.

Case No.: 3:17-cv-00460-RCJ-WGC

**ORDER**

Re: ECF No. 54

Before the court is Plaintiff's "Motion for an Adverse Instruction and Spoliation of Evidence" (ECF No. 54). Defendants responded to Plaintiff's motion (ECF No. 64). No reply memorandum has been filed by Plaintiff.[1]

## I. BACKGROUND

Carl Duncan (Plaintiff) is an inmate in the Nevada Department of Corrections (NDOC). Plaintiff filed a Civil Rights Complaint pursuant to 42 U.S.C. § 1983 (ECF No. 4) arising from an alleged assault on October 18, 2015, by another inmate at the inmate "chow hall" at Lovelock Correctional Center (LCC), and LCC's failure to provide prompt medical care (and as to certain other claims which arose thereafter, as discussed below). In the court's Screening Order (ECF No. 3), Senior District Judge Robert C. Jones ordered Plaintiff's Eighth Amendment failure to protect

---

[1] Defendants' response was not filed within the deadline time period. For the reasons stated in this court's order (ECF No. 69) pertaining to Plaintiff's Motion for Entry of Default (ECF No. 66), the court will receive Defendants' substantive opposition (ECF No. 64) to Plaintiff's Motion for Spoliation (ECF No. 54).

and deliberate indifference to serious medical needs claims (Counts I and II) to proceed against Defendants Olivas, Chan, Owens, Fonoimoana, and Mosley, Plaintiff's due process claim (Count II) to proceed against Defendants Bellinger, Carpenter, and Bennett, and Plaintiff's First Amendment retaliation claim (Count III) to proceed against Defendants Bennett and Olivas. (ECF No. 3 at 13, 14.)

The court initially addressed Plaintiff's motion for adverse instruction and spoliation of evidence (ECF No. 49) at its motions hearing on September 5, 2019. (ECF No. 52.) The court reviewed Plaintiff's argument that Defendants had a duty to preserve video evidence of the chow hall assault and battery against Plaintiff by another inmate, in October 2015. The attacking inmate was subject to a disciplinary hearing by the Nevada Department of Corrections (NDOC) and was convicted of the infraction. (ECF No. 49 at 2.) Plaintiff's original motion was based upon the four grievances he claims to have filed and that the grievances allegedly put NDOC/LCC on notice that any video evidence of the altercation should be preserved. He therefore contends that NDOC should have maintained and secured the alleged video evidence until the grievance process was completed or after a certain period of time.

At the court's hearing on September 5, 2019, Deputy Attorney General Rands advised the court that he was not aware of the grievances referenced in Plaintiff's motion (ECF No. 49) particularly grievance number 20063016803. Plaintiff stated that he attached exhibits of the disciplinary proceeding and AR 707 to his motion (ECF No. 49) but confirmed with the court that his filed copy of the motion contained only 5 pages. Therefore, the court denied Plaintiff's motion for adverse instruction and spoliation (ECF No. 49) without prejudice and instructed Plaintiff to file a supplement to the motion (ECF No. 49). The Plaintiff was directed to provide copies of his

grievances which Plaintiff claims would have put NDOC/LCC on notice that any video evidence of the altercation should be preserved. Plaintiff was also to cite specific language in AR 707 or any other reference regarding LCC's duty to preserve evidence. (ECF No. 52 at 2, 3.)

In Plaintiff's renewed motion, Plaintiff submits a copy of grievance 20063016803 (the "803" grievance). It appears Plaintiff submitted the "803" grievance twice to LCC; the date of the first submission of "803" is February 8, 2016; the resubmission apparently occurred in February 17, 2016. These grievances were filed some 4 months after the altercation. The "803" grievance asserted LCC violated its duty to protect Plaintiff from a foreseeable risk of assault; Plaintiff references the lack of video surveillance equipment at LCC. Importantly, Plaintiff's grievances, however, did not assert Defendants or LCC should retain and preserve any video evidence of the October 18, 2015, incident.

Defendants responded to Plaintiff's Motion for Adverse Instruction and Spoliation of Evidence (ECF No. 54), in which they state that in reviewing Plaintiff's grievance history and other records, "Counsel was unable to find grievances filed, by Plaintiff, on those dates. There were no grievances corresponding to those dates." (ECF No. 64 at 2.) The only grievance Defendants could locate was the "803" grievance referred to above. Additionally, Defendants state that Plaintiff's renewed submission asserts the same arguments previously made and there was no reference by Plaintiff to a specific section of AR 707 which would have required LCC to maintain evidence, as alleged.

Defendants' opposition further included a declaration of LCC Associate Warden Tara Carpenter under whose supervision video surveillance would fall. Ms. Carpenter represents that barring unusual circumstances, video surveillance is only retained for a period of

approximately two weeks from a specific event. Accordingly, any footage from an October 2015 event would not have been maintained or available in February 2016 when Plaintiff submitted his 803 grievance. (ECF No. 64-5 at 2, ¶¶ 8-9.) Perhaps more importantly, however, Ms. Carpenter states further that the LCC dining hall (where the assault occurred) did not have video capabilities in October 2015. (*Id.* at ¶ 10.)

Ms. Carpenter also represents no video was utilized at Plaintiff's disciplinary hearing. (*Id.* at p. 3, ¶ 11.) Plaintiff, on the other hand, claims video "was used to find Plaintiff innocent of the disciplinary charges. ECF No. 54 at 5, citing "Exh. A" as "OIC #398240." (*Id*. at footnote 1.) However, Exh. A to Plaintiff's renewed motion (ECF No. 54 at 8-34) consisted of copies of grievances, not the disciplinary charges to which Plaintiff refers nor any evidence which "was used to find the attacker of Plaintiff guilty on his disciplinary charges." (*Id*. at 5.) The court has before it no evidence substantiating Plaintiff's claim the "attackers" conviction was based on video surveillance. But even if it were, the failure to maintain such evidence would be a complaint the "attacker" might reasonably assert, not by the victim (i.e., Plaintiff).

Plaintiff's filing submits an extract of AR 457 (ECF No. 54 at 36), which appears to be p. 3 of 5 pages. Plaintiff highlights section 457.04.1, which only states that an "Operational Procedure" (OPs) shall be developed by the Deputy Directors "for the preservation of evidence." Two other pages (pp. 1 and 2) of AR 457 are submitted by Plaintiff as his Exhibit B (ECF No. 54 at 37-41). These pages of AR 457 discuss that the Associate Warden is to "ensure crime scene protection and the preserving, gathering and disposal of evidence" and that the Inspector General (who is not a Defendant in this action) is to review "OPs" with respect to, among other matters, "evidence

collection."[2] AR 457 would apply, if at all, to an protections the inmate accused might enjoy, not to a victim.

## II. LEGAL ANALYSIS

Plaintiff does not predicate his motion on the duty to preserve electronically stored information under Fed. R. Civ. P. 37(e). Fed. R. Civ. P. 37(e) is not implicated with respect to this litigation because Rule 37(e) pertains to "electronic evidence" which was not preserved and as stated above, Plaintiff has not based his motion on Rule 37(e). Therefore, the court will consider Plaintiff's motions in the context of common law spoliation in the application of the court's discretion. *Fjelstad v. Am. Honda Motor Co., Inc.*, 762 F.2d 1334, 1337 (9th Cir. 1985).

At the court's initial hearing on Plaintiff's motion, the court addressed with Plaintiff his contention AR 707 required LCC to preserve evidence such as any video of the scene of the inmate altercation. Plaintiff was unable to cite to the court any language in AR 707 which supposedly imposed this duty. Plaintiff was instructed to address in his supplemental motion the court granted Plaintiff leave to file any in AR 707 – or any other materials – regarding the "duty to preserve evidence." (ECF No. 52 at 2-3.)

As discussed above, Plaintiff's supplemental motion did not discuss AR 707 but rather referred the court to certain provisions of ARs 457 and 405. Defendants on the other hand submitted a complete copy of AR 707 (ECF No. 64-1) and responded to Plaintiff's assertions about AR 707 as follows:

> "On September 16, 2019, Plaintiff filed a Supplement to Motion for Sanctions, (ECF No. 49). On September 5, 2019, the Court instructed Plaintiff, Carl E. Duncan, (Plaintiff) to provide copies of his grievances

---

[2] Plaintiff also references section 405.87 of AR 405 (ECF No. 54 at pp. 40-41) regarding "Planned Use of Force" but Plaintiff's claims herein have nothing to do with "Planned Use of Force."

5

> and to cite in AR 707 or any other reference regarding the duty to preserve evidence. Plaintiff, essentially filed a document with the same arguments previously made. There was no reference to a specific section of AR 707 which required the maintenance of evidence, as alleged. In fact, Plaintiff argues, without support, that AR 707 "requires recordings to be stored and saved and must receive permission from the Attorney General to destroy such." (ECF No. 54 at 5, fn 2) There is no such requirement in AR 707. AR 707 is attached as Exhibit 1. AR 707 does require that disciplinary hearings are voice recorded. AR 707 (C) (2) (a). However, this does not require the Nevada Department of Corrections download and store all video from the prison."

(ECF No. 64 at 1-3.)

Therefore, the conclusion is AR 707 does not support Plaintiff's argument.

"Spoliation is 'the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence[,] in pending or reasonably foreseeable litigation.'" *Reinsdorf v. Skechers U.S.A. Inc.,* 296 F.R.D. 604, 626 (C.D. Cal. July 19, 2013) (quoting *Zubulake v. UBS Warburg LLC*, 220 F.R.D. 212, 216 (S.D.N.Y. 2003)). Thus, a party must preserve evidence, but only if it knows or should know is relevant to a claim or defense of any party. *See Reinsdorf,* 296 F.R.D. at 626-27 (citations omitted); *In re Napster, Inc. Copyright Litigation*, 462 F.Supp.2d 1060, 1067 (N.D. Cal. 2006) (citations omitted). This duty arises not only during litigation, but extends to that "period before litigation when a party should reasonably know that evidence may be relevant to anticipated litigation." *Surowiec v. Capital Title Agency, Inc.*, 790 F.Supp.2d 997, 1005 (D. Ariz. 2011) (citation and quotation marks omitted). Once the duty to preserve takes effect, a party must "suspend any existing policies related to deleting or destroying files and preserve all relevant documents related to the litigation." *In re Napster*, 462 F.Supp.2d at 1070 (citations omitted).

There are two sources of authority under which a district court can sanction a party who has engaged in spoliation of evidence: the inherent power of the court to levy sanctions in response to abusive litigation tactics, and Federal Rule of Civil Procedure 37's provision for sanctions against a party who fails to obey an order to provide discovery. *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 958 (9th Cir. 2006) (citation omitted). Here, there is no particular discovery order being violated; therefore, the court's analysis is based on the inherent power to sanction.

The court "'has the inherent discretionary power to make appropriate evidentiary rulings in response to the destruction or spoliation of relevant evidence.'" *Medical Laboratory Mgmt. Consultants v. American Broadcasting Companies, Inc.*, 306 F.3d 806, 824 (9th Cir. 2002) (quoting *Glover v. BIC Corp.,* 6 F.3d 1318, 1329 (9th Cir. 1993)).

> Courts may sanction parties responsible for spoliation of evidence in three ways. First, a court can instruct the jury that it may draw an inference adverse to the party or witness responsible for destroying the evidence. Second, a court can exclude witness testimony proffered by the party responsible for destroying the evidence and based on the destroyed evidence. Finally, a court may dismiss the claim of the party responsible for destroying the evidence.

*In re Napster*, 462 F.Supp.2d at 1066 (internal citations omitted). "A party's destruction of evidence need not be in 'bad faith' to warrant a court's imposition of sanctions." *Id*. (citations omitted). "District courts may impose sanctions against a party that merely had notice that the destroyed evidence was potentially relevant to litigation." *Id*. (citations omitted). The "motive or degree of fault in destroying evidence is relevant to what sanction, if any, is imposed." *Id*. at 1066-67 (citations omitted).

The applicable standard of proof for spoliation appears to be a preponderance of the evidence. *Krause v. Nevada Mut. Ins. Co.*, No. 2:12-cv-00342-JCM-CWH, 2014 WL 496936, at

* 7 (D. Nev. Feb. 6, 2014). The party seeking spoliation sanctions has the burden of establishing the elements of spoliation. *Reinsdorf,* 296 F.R.D. at 626.

### III. CONCLUSION

Plaintiff has not carried his burden of showing by the preponderance of the evidence that there was video originally in existence which depicted the assault. Even if such a video existed at some point in time, the video would have been routinely deleted within two weeks of the event. Plaintiff did not raise the issue of video surveillance in any fashion until some four or five months after the occurrence, and even then, the "notice" was insufficient to alert LCC or Defendants the video (if any) should be preserved. To the extent any video ever existed, it would have been recorded over in the routine handling of videos at LCC. Plaintiff has not carried his burden of demonstrating spoliation of evidence.

Plaintiff's "Motion for an Adverse Instruction and Spoliation of Evidence" (ECF No. 54) is **DENIED**.

**IT IS SO ORDERED**.

Dated: January 16, 2020.

　　　　　　　　　　　　　　　　　　_William G. Cobb_
　　　　　　　　　　　　　　　　　　WILLIAM G. COBB
　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE