1  AARON D. FORD
   Attorney General
2  DOUGLAS R. RANDS, Bar No. 3572
   Senior Deputy Attorney General
3  State of Nevada
   Public Safety Division
4  100 N. Carson Street
   Carson City, Nevada 89701-4717
5  Tel: (775) 684-1150
   E-mail: drands@ag.nv.gov
6
   *Attorneys for Defendant*
7  *Travis Bennett,*

8

9                    UNITED STATES DISTRICT COURT

10                          DISTRICT OF NEVADA

11  CARL E. DUNCAN,
                                        Case No. 3:17-cv-00460-RCJ-WGC
12              Plaintiff,
                                        **JOINT PRETRIAL ORDER**
13  v.
                                        *Notice of corrected image*
14  RAMON OLIVAS, et al.,               */Document and link to [81]*
15              Defendants.

16

17       Following pretrial proceedings in this case,

18       IT IS ORDERED:

19  **I.   NATURE OF ACTION AND CONTENTIONS OF THE PARTIES**

20  **A.   NATURE OF ACTION**

21       This case is a *pro se* civil rights action pursuant to 42 U.S.C. § 1983. (ECF No. 8 at 1).
22  Plaintiff, Carl E. Duncan (Plaintiff), is an inmate in the lawful custody of the Nevada Department of
23  Corrections (NDOC). *Id.* The events at issue in this complaint allegedly occurred from October 21 to
24  28, 2016, while Plaintiff was housed at Warm Springs Correctional Center (WSCC). (ECF No. 8 at 5).
25  On screening the complaint, the court allowed Plaintiff to proceed with several claims against several
26  Defendants. (ECF No. 3).
27       The Defendants' filed a Motion for Summary Judgment. (ECF Nos. 55) Plaintiff filed a
28  response. (ECF No. 61.) Defendants filed a reply. (ECF No. 62.) Plaintiff filed a response to the reply.

1

(ECF No. 63.) The Court granted Summary Judgment on all claims against all Defendants, with the exception of one claim, for retaliation, against Defendant Travis Bennett. (ECF No. 76).

### B. CONTENTIONS OF THE PARTIES

#### 1. Plaintiff's Contentions

Plaintiff's Complaint contains allegations against Defendant Bennett that subsequent to filing grievances, Defendant Bennett placed Plaintiff's hot meals outside of his cell to get them cold, and then ran his ungloved hand through Plaintiff's food and spit on it before giving it to Plaintiff. (ECF No. 3.) Plaintiff alleges that he believes this was because he was filing grievances against Defendant Bennett.

#### 2. Defendants' Contentions

Defendant contends that the evidence does not support Plaintiff's allegations. Defendant incorporates any Affirmative Defenses from the Answer as it pertains to Defendant. Defendant denies that Plaintiff's constitutional rights have been violated.

Defendant Bennett denies Plaintiff's allegations and asserts Plaintiff will have no evidence to support his claims at trial.

### C. RELIEF SOUGHT

Plaintiff seeks compensatory damages and punitive damages. Plaintiff also seeks declaratory relief, and various items of injunctive relief. Plaintiff, specifically seeks $40,000.00 compensatory damages and in excess of $500,000.00 in punitive damages, and another relief that the Court deems appropriate.

## II. STATEMENT OF JURISDICTION

This is a civil action commenced under 42 U.S.C. § 1983. This Court has jurisdiction pursuant to 28 U.S.C. § 1331.

## III. UNCONTESTED FACTS ADMITTED BY THE PARTIES WHICH REQUIRE NO PROOF

1. Mr. Duncan, in this matter has filed a Complaint alleging violations of his constitutional rights under the First and Eighth Amendments. (ECF No. 4).

2. On or about January 1, 2016, Mr. Duncan was in administrative segregation, awaiting transfer.

3. Mr. Duncan filed an emergency grievance, on January 16, 2016, stating that multiple times he witnessed food being served after it had been sitting outside for 20 minutes or longer, and then watched Defendant Bennett dancing and playing around while the food sat for 20 minutes.

4. Plaintiff received a response to the grievance, stating that the issue was addressed with staff.

### IV. FACTS UNADMITTED THAT WILL NOT BE CONTESTED

The following facts, though not admitted, will not be contested at trial by evidence to the contrary: NONE

### V. CONTESTED ISSUES OF FACT TO BE TRIED AND DETERMINED UPON TRIAL

#### A. PLAINTIFF'S CONTESTED FACTS

*See* First Amended Complaint.

#### B. DEFENDANT'S CONTESTED FACTS

1. Whether Plaintiff has met his burden of producing evidence supporting the facts set forth above, i.e. whether he can prove that the individual defendant violated his First and Eighth Amendment rights?

2. Whether any form of damages is available to Plaintiff for any alleged failures?

### VI. CONTESTED ISSUES OF LAW TO BE TRIED AND DETERMINED UPON TRIAL

#### A. PLAINTIFF

1. Whether or not the surviving claim against Defendant, Bennett violates Plaintiff's Constitutional rights, and do the facts warrant a damage award?

#### B. DEFENDANTS

1. Did Defendant individually violate Plaintiff's constitutional rights?

2. Did Mr. Duncan prove the elements of retaliation: that Defendant Bennett (1) took some adverse action against him, (2) because of (3) Plaintiff's protected conduct, and that such action (4) chilled the exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal.

3. As a matter of law, is Plaintiff entitled to compensatory damages?

    4. As a matter of law, is Plaintiff entitled to punitive damages?

## VII. EXHIBITS

### A. STIPULATED EXHIBITS AS TO AUTHENTICITY AND ADMISSIBILITY

1. Administrative Regulation (AR) 740.
2. Administrative Regulation 707.
3. Administrative Regulation 507.
4. Plaintiff's grievances.
5. Operational Procedure 507.

### B. STIPULATED EXHIBITS AS TO AUTHENTICITY BUT NOT ADMISSIBILITY

None.

### C. PLAINTIFF'S EXHIBITS SUBJECT TO OBJECTIONS

1) See (Exhibit A) For evidence on Bennet's Retaliation Grievances & logs.
2) Defendant misconduct reports & All grievances Filed on Travis Bennet on the date of 1-16-16. Because there were multiple grievances Filed against him about my Food situation on that date by multiple inmates.
3) Any & All witness the Defendant(s) use to be called to respond to claims.
4) Any witness Identified by Defendant, whether or not called to testify at trial.
5) Any & all evidence that will help me with claims.

### D. DEFENDANTS' EXHIBITS SUBJECT TO OBJECTIONS

1. Plaintiff's Disciplinary file, disciplinary history report, and relevant Notice of Charges;
2. Plaintiff's Movement History Report;
3. Plaintiff's housing history report;
4. Plaintiff's Grievance file, including all relevant grievances;
5. Certified Judgment(s) of Conviction of Plaintiff for underlying offense (only if needed for impeachment);
6. Plaintiff's Institutional File ("I-File");
7. Plaintiff's NDOC Central File ("C-File");
8. Law Library Logs;

9. Legal Mail Logs for relevant time period;

10. Law Library Brass Slips;

11. Plaintiff's Case Notes as maintained on the NDOC NOTIS system from 2014 to Present.

12. Plaintiff's Medical records;

13. All prison logs, registers, documents, or other form of data pertaining to any and all of Plaintiff's claims.

14. Any and all other exhibits that may support the statements of fact and law cited herein and to rebut Plaintiff's statements, claims, and testimony.

15. Any and all other exhibits that rebut witnesses that might be called to respond to claims made by either Plaintiff or any of his proposed witnesses;

**E.  DEPOSITIONS**

1. None.

**VIII. WITNESSES**

**A.  PLAINTIFF'S WITNESSES:**

Plaintiff wishes to reserve the right to call the following persons:

1) every inmate in my unit on my side on 1-16-16 at lovelock hole.

2) jacques. coleman was in the hole with me & currently housed at lovelock rite now.

3) my neigbor in 69 at the time of the incident. (John Doe)

4) Daquan Glover was there, in the hole with me at the time as well, and can & will testify.

**B.  DEFENDANT'S WITNESSES:**

Defendants wish to reserve the right to call the following persons:

1. Plaintiff Carl Duncan, Inmate, High Desert State Prison;

2. Travis Bennett, Defendant, c/o Douglas R. Rands, Office of Attorney General, 100 N. Carson St. Carson City, Nevada 89701-4717.

3. Isidro Baca, c/o Douglas R. Rands, Office of Attorney General, 100 N. Carson St. Carson City, Nevada 89701-4717.

4. Tara Carpenter, c/o Douglas R. Rands, Office of Attorney General, 100 N. Carson St. Carson City, Nevada 89701-4717.

5. Kristy Fonoimoana, c/o Douglas R. Rands, Office of Attorney General, 100 N. Carson St. Carson City, Nevada 89701-4717.

6. Ramon Olivas, c/o Douglas R. Rands, Office of the Attorney General, 100 N. Carson Street, Carson City, NV 89701-4717, (775) 684-1100.

7. Kelly Belanger, c/o Douglas R. Rands, Office of the Attorney General, 100 N. Carson Street, Carson City, NV 89701-4717, (775) 684-1100.

8. Theresa Wickham, RN c/o Douglas R. Rands, Office of the Attorney General, 100 N. Carson Street, Carson City, NV 89701-4717, (775) 684-1100.

9. Custodian(s) of Record for any exhibits identified above, c/o Douglas R. Rands, Office of the Attorney General, 100 N. Carson Street, Carson City, NV 89701-4717, (775) 684-1100.

10. Any and all rebuttal witnesses that might be called to respond to claims made by either Plaintiff or any of his witnesses.

11. Any and all other witnesses that have personal knowledge supporting Defendant's statements of fact or law cited herein.

12. All witnesses identified by Plaintiff, whether or not called to testify at trial.

Plaintiff and Defendants reserve the right to interpose objections to the calling of any named witness listed above prior to or at trial.

## IX. AVAILABLE TRIAL DATES

Plaintiff and Defendants' Counsel expressly understand that the Clerk shall set the trial of this matter at the convenience of the Court's calendar. A jury has been requested.

The following are three weeks in which both parties are available:

The week of October 5

The week of October 19

The week of November 9

///

///

6

**X.   TIME EXPECTED FOR TRIAL**

It is estimated that the trial herein will take a total of 5-7 days.

DATED this 18th day of August, 2020.

AARON D. FORD
Attorney General

By: /s/ Carl Duncan #1110922
Carl Duncan,
*Plaintiff*

By: /s/ Douglas R. Rands
DOUGLAS R. RANDS, Bar No. 3572
Senior Deputy Attorney General

*Attorneys for Defendants*

IT IS ORDERED that Jury Trial is set for Monday, November 15, 2021 at 8:30 AM in Reno Courtroom 3 before Judge Robert C. Jones.  Calendar Call is set for Monday, October 4, 2021 at 8:30 AM in Reno Courtroom 3 before Judge Robert C. Jones.

Dated this 4th day of February, 2021

ROBERT C. JONES
UNITED STATES DISTRICT JUDGE

7

## CERTIFICATE OF SERVICE

I certify that I am an employee of the Office of the Attorney General, State of Nevada, and that on this ____ day of _____, 2020, I caused a copy of the foregoing, **JOINT PRETRIAL ORDER**, to be served, by U.S. District Court CM/ECF Electronic Filing on the following:

Carl E. Duncan, #1110922
High Desert State Prison
P.O. Box 650
Indian Springs, NV 89070

_____
An employee of the
Office of the Attorney General

# Exhibit A

evidence on Bennets Retaliation against me on Grievances & logs Documented

included Emergency Grievance Form included /w logs

Issue ID#'s

20063015508

20063040609

# NEVADA DEPARTMENT OF CORRECTIONS
## **EMERGENCY**
### GRIEVANCE FORM

NAME: Carl Duncan          I.D. NUMBER: 1110922

INSTITUTION: LCC           UNIT: 4A-70

GRIEVANT'S STATEMENT: I've witnessed multiple times our food being served after been sitting outside for 20 mins or longer. Today I watched the c/o's in Bennet etc the Bubble dancing & Playing around while our food came & was just sittin there for almost 20 mins. I'm tired of eating cold food. Then when they serve our food they put there hands in it or talk an whistle over our food while spit come out there mouth.

**SWORN DECLARATION UNDER PENALTY OF PERJURY**

INMATE SIGNATURE: Carl Duncan          DATE: 1/16/16  TIME: 7:33 a.m.

RECEIVING STAFF SIGNATURE: c/o Beckerlite          DATE: 1-16-16  TIME: 7:50 a.m.

SUPERVISOR COMMENT/ACTION TAKEN ON EMERGENCY GRIEVANCE: The issue has been addressed with staff. Grievance assigned ED

SUPERVISOR SIGNATURE: [signature]   TITLE: Sgt   DATE: 1-16-16  TIME: 8:18A

INMATE AGREES: ✓   INMATE DISAGREES: ___

INMATE SIGNATURE: Carl Duncan          TIME: 8:25   DATE: 1/16/16

FAILURE TO SIGN CONSTITUTES ABANDONMENT OF THE CLAIM.  A FORMAL GRIEVANCE MAY BE PURSUED IN THE EVENT THE INMATE DISAGREES.

Original:   To inmate when complete, or attached to formal grievance
Canary:    To Grievance Coordinator when complete
Pink:      Inmate's initial receipt

DOC-1564 (7/02)



# State of Nevada
## Department of Corrections
### Inmate Grievance History

| ISSUE ID | DATE REPORTED | ISSUE TYPE | ISSUE REASON |
|---|---|---|---|
| 20063040609 | 01/18/2017 | GRIEVANCE W/STAFF ISS | STAFF PERFORMANCE |
| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
| 01/18/2017 | IF | | OLIVAS, VALAREE |

Proposed Response: Inmate contends that on 10/19/15, I was placed in Ad Seg/Dis Seg and was held for 114 days and then transferred to another institution without a due process hearing. During that time of being held the plaintiff was denied access to the grievance process by C/O Bennett, who refused to provide this inmate with a grievance, as well as removed his grievances form cell door 70 in bldg. 4A, the grievances never made it to the grievance coordinator. This plaintiff contends that he was illegally held due to a threat made to him by Lt. Ramon Olivias. Remedy; this inmate would like a full investigation into the individuals actions towards him, an explanation as to why he was held without any due process hearings. See Administrative Claim form for further settlement. ...[MWHITTINGTON, 05/11/2017 15:28:36] This inmate contends that during the month of October 2015, while being housed in Ad Seg he was denied access to the grievance process by C/O Bennett who refused to provide a grievance to this inmate upon request or within a reasonable time of the request. C/O Bennett's actions of denial of grievance goes even further that when this inmate did receive a grievance form another shift officer the inmate placed the grievance on his cell door to be collected by C/O Bennett who collected the grievance but never submitted it to be processed to the grievance coordinator. Remedy; investigate into the action of C/O Bennett and locate this inmates grievance and allow due process to occur, also see attached Administrative Claim form for further resolution.

Official Response: LCC rcvd 5/31/17.af
INMATE RESUBMITTED ON 05/04/17; SEE INMATE COMPLAINT CONTINUATION.

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 04/11/2017 | IF | | CARPENTER, TARA |

Proposed Response: Inmate contends that on 10/19/15, I was placed in Ad Seg/Dis Seg and was held for 114 days and then transferred to another institution without a due process hearing. During that time of being held the plaintiff was denied access to the grievance process by C/O Bennett, who refused to provide this inmate with a grievance, as well as removed his grievances form cell door 70 in bldg. 4A, the grievances never made it to the grievance coordinator. This plaintiff contends that he was illegally held due to a threat made to him by Lt. Ramon Olivias. Remedy; this inmate would like a full investigation into the individuals actions towards him, an explanation as to why he was held without any due process hearings. See Administrative Claim form for further settlement.

Official Response: IM signed 4/27/17.af
LCC rcvd 5/9/17.af
LCC > WSCC 4/20/17.af
The grievance contains more than one (1) appropriate issue. Only 1 issue is allowed per grievance.

*[handwritten annotation in left margin: "multiple grievances"]*



# State of Nevada
## Department of Corrections
### Inmate Grievance History

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 06/15/2017 | IF | | CARPENTER, TARA |

Proposed Response: See continuation sheet (attached for body of grievance per your instructions this is a grievance stemming from grievance number #2006-30-40609 a resubmission. This inmate contends that during the month of OCTOBER 2015 while being housed in ad-seg he was denied access to the grievance process by CO Bennett who refused to provide a grievance to this inmate upon request or within a reasonable time of the request. CO Bennett's actions of denial of grievance goes even further that when this inmate did receive a grievance from another shift officer the inmate placed the grievance on his cell door to be collected by CO Bennett who collected the grievance but never submitted it to be processed to the grievance coordinator
Remedy: investigate into the actions of CO Bennett and locate this inmates grievance and allow due process to occur, also see attached administrative claim form for further resolution.

Official Response: LCC sending to WSCC signature 7/7/17
Per AR 470.05.4.A "Within on (1) month of the issue involves personal property damage or loss, personal injury. Medical claims or any other tort claims, including civil rights claims."



# State of Nevada
## Department of Corrections
### Inmate Grievance History

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 03/01/2016 | IF | DENIED | BELANGER, KELLY |

Proposed Response:

Official Response: LCC rcvd signed IF from WSCC on 4/4/16. cg
I/M signed 3/21/16. cg
LCC mailed INF for signature to WSCC on 3/10/16. cg
During your due process hearing you informed me you knew the inmate who cut you when you were housed in the south, and did not have any problems with him. It appears whatever issues you had with him after arriving at LCC surfaced. You were placed in Administrative Segregation for your safety, no longer housed at LCC, and will not receive compensation for the incident.

AR 507.01 (1) B. Inmates will be temporarily placed in administrative segregation to protect the safety of the inmate, other persons, the institution or community or to conduct investigations into violent misconduct or misconduct which threatens escape or a significant disruption of institutional operations.

AR 503.06 Classification Committee Decision Process
4. This Administrative Regulation does not create any liberty, interest, or right to any classification status, employment or "placement."

| ISSUE ID | DATE REPORTED | ISSUE TYPE | ISSUE REASON |
|---|---|---|---|
| 20063015508 | 01/19/2016 | GRIEVANCE W/STAFF ISS | STAFF PERFORMANCE |

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 01/19/2016 | IF | | BECKERDITE, CODY |

Proposed Response: I've witnessed multiple times our food being served after been sitting outside for 20 minutes or longer. Today I watched the Correctional Officer in the bubble dancing and playing around while our food came and was just sitting there for almost 20 minutes. I'm tired of eating cold food. Then when they serve our food they put there hands in it or talk an whistle over our food while spit come out there mouth.

Official Response:

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 01/19/2016 | IF | DENIED | DONNELLY, JAMES |

Proposed Response:

Official Response: The issued has been addressed with staff, grievance addressed.